UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                    :

FATMIR LAJQI,                                                          :

                   Plaintiff,                          :

           -v-                                              :                25 Civ. 2863 (JPC)

STATE FARM FIRE AND CASUALTY COMPANY,        :                OPINION AND ORDER

                Defendant.                             :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In this action, Plaintiff Fatmir Lajqi seeks damages and declaratory relief against his insurer, Defendant State Farm Fire and Casualty Company, for denying his property-insurance claim allegedly in breach of their contract and in violation of New York General Business Law Section 349. Defendant moves to dismiss Plaintiff's claims under Section 349 and for a declaratory judgment, and to strike his demand for attorneys' fees. For the reasons that follow, the Court grants Defendant's motion, and directs Plaintiff to show cause why his breach claim also should not be dismissed. The Court grants Plaintiff leave to amend his Complaint, should he believe he can cure the pleading deficiencies identified below.

## I.  Background

### A.  Facts[1]

On approximately December 27, 2024, a plumbing system malfunctioned and caused water damage to Plaintiff's property located at 2032 Hobart Avenue, Bronx, New York 10461 (the

---

[1] The Court takes these factual allegations from the Complaint. *See* Dkt. 1, Exh. A ("Compl."). In considering Defendant's motion to dismiss under Federal Rule of Civil Procedure

"Property").  Compl. ¶ 8.  Prior to that accident, the parties had executed a contract (the "Policy") insuring Plaintiff against loss or damage to the Property and to its contents from, "*inter alia*, an accidental discharge from a plumbing system."  *Id.* ¶¶ 6-8.  The Policy was in full effect on the day of the malfunction, *id.* ¶ 8, and Plaintiff promptly notified Defendant of the incident and filed an insurance claim, *id.* ¶ 10.  Following an investigation, *id.* ¶ 11, Defendant denied the claim in a letter dated January 29, 2025, explaining that its "investigation determined that [Plaintiff does] not reside at [the Property] as required in the insuring agreement of the [Policy]," *id.*, Exh. A ("Denial Letter") at 1; *accord* Compl. ¶ 17.  Defendant's letter quoted excerpts from the Policy, including its definition of "residence premises" as "a. the one, two, three, or four family dwelling, other structures and grounds; or b. that part of any other building structure; where you reside and which is shown in the Declarations."  Denial Letter at 2-3 (emphases omitted).

Plaintiff alleges that the denial of his claim reflects a "pattern and practice," whereby Defendant "sell[s] insurance policies to property owners, and then subsequently take[s] the position that, under its latest interpretation or based upon its purported investigation, there is or may be no coverage."  Compl. ¶ 27.  He avers that Defendant thereby "regularly denies otherwise legitimate claims" by "setting forth frivolous grounds for denial[] that are contrary to fact, common sense, and causation."  *Id.* ¶ 28.

### B.  Procedural History

Plaintiff commenced this action on March 11, 2025, in New York Supreme Court, Bronx County.  *See* Dkt. 1 ("Notice of Removal") ¶ 1.  His First Cause of Action alleges that Defendant

---

12(b)(6), the Court accepts the Complaint's factual allegations as true and draws all reasonable inferences in Plaintiff's favor.  *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).  The Court may consider documents attached to the Complaint or incorporated into it by reference.  *See* Fed. R. Civ. P. 10(c); *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013); *La Vigne v. Costco Wholesale Corp.*, 284 F. Supp. 3d 496, 502 (S.D.N.Y. 2018), *aff'd*, 772 F. App'x 4 (2d Cir. 2019).

breached the contract and its duty of good faith and fair dealing.  Compl. ¶¶ 31-36.  His Second Cause of Action asserts that Defendant engaged in deceptive acts and practices violative of New York General Business Law Section 349.  *Id.* ¶¶ 37-55.  Plaintiff's Third Cause of Action seeks a declaratory judgment that Defendant must perform in accordance with the Policy, pay Plaintiff "for the . . . Loss to the full extent of the [P]olicy limits," and "comply with an appraisal if demanded to resolve [any] dispute over the amount and scope for the Loss, and make payment of recoverable depreciation upon completion of repair or replacement of any damaged property."  *Id.* ¶ 60.

Defendant removed the case to federal court on April 7, 2025.  Dkt. 1.  On May 29, 2025, Defendant moved to dismiss the Second and Third Causes of Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Dkts. 14, 15, 16 ("Motion") at 1-2, 5-13. Defendant also moved to strike Plaintiff's demand for attorneys' fees.  Motion at 2, 13.  Plaintiff first opposed the motion on June 30, 2025.  Dkt. 17 ("Opposition").  The next day, Plaintiff filed an amended opposition brief without leave from the Court.  Dkt. 18 ("Amended Opposition").[2] Defendant replied on July 21, 2025.  Dkt. 20 ("Reply").

---

[2] The Amended Opposition corrected at least three misquotations and incorrect citations to caselaw that were in the initial Opposition.  The initial Opposition cited a case that it called "*Liriano v. Travelers Ins. Co.*, 637 F. Supp. 2d 207, 225 (E.D.N.Y. 2009)," and attributed to that purported case the quotation: "In the context of insurance policies, the term reside is not a term of art and may have multiple meanings, depending on the facts of a given case."  Opposition at 11. Yet the Court has not identified any case with that citation or found that quote in *any other case*. In a second instance, Plaintiff attributed to *Chevron Corporation v. Donzinger*, 833 F.3d 74, 137 (2d Cir. 2016), the quotations: "Declaratory relief is appropriate where it will serve a useful purpose in clarifying and settling the legal relations issue" and a declaratory judgment can play a role in "settling legal rights and removing uncertainty."  Opposition at 16.  Those quotes do not appear in that case.  *See generally Chevron Corp.*, 833 F.3d 74.  The initial Opposition also attributes language to *Morgenthau v. Erlbaum*, 451 N.E.2d 150, 153 (N.Y. 1983), that does not appear in that case.  Opposition at 16.  The Amended Opposition eliminated the reference to "*Liriano v. Travelers Ins. Co.*, 637 F. Supp. 2d 207, 225 (E.D.N.Y. 2009)" and the corresponding

## II.  Legal Standard

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations."  *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

---

quote.  Plaintiff also deleted the citation to *Chevron Corp.* and removed the quotation marks from the language it had initially attributed to *Morgenthau*.  Amended Opposition at 14.

Defendant treated the original brief as operative.  *See generally* Reply (citing the initial Opposition throughout).  The Court does as well.  Plaintiff did not seek the Court's leave to amend its brief.  *Cf. Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 552 (2d Cir. 2018) (upholding a denial of a request for leave to amend when it failed to comply with the district court's local rules); *Zottola v. Eisai, Inc.*, 564 F. Supp. 3d 302, 319 (S.D.N.Y. 2021) (denying a request for leave to amend when the party failed to attach the proposed amended pleading to the request and did not explain how the amended brief would cure the defect in the original brief); *Brown Media Corp. v. K & L Gates, LLP*, 586 B.R. 508, 532-33 (E.D.N.Y. 2018) (same).  There is no substantive difference between the initial and Amended Oppositions, so the Court's decision to consider the initial Opposition does not bear on its disposition of this Motion.

4

### III. Discussion

**A. Plaintiff Fails to State a Claim Under New York General Business Law Section 349.**

Plaintiff's claim under Section 349 fails because he does not plead sufficient facts to adequately allege that he was injured by any deceptive act. "Section 349 of the GBL provides a cause of action for any person injured by deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (citation modified). To state a claim under this provision, Plaintiff must show that Defendant "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [P]laintiff suffered injury as a result of the allegedly deceptive act or practice." *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 96 (2d Cir. 2023) (citation modified).

A materially misleading act is "a representation or an omission" that is "'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611-12 (N.Y. 2000) (quoting *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741, 745 (N.Y. 1995)); *see MacNaughton*, 67 F.4th at 96. A plaintiff, therefore, "must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Koenigsberg v. Bd. of Trs. of Columbia Univ. in the City of New York*, No. 23 Civ. 1044 (PGG), 2024 WL 1256270, at *7 (S.D.N.Y. Mar. 22, 2024). At this stage, the Court must dismiss if it determines as a matter of law that an allegedly deceptive act would not have misled a reasonable consumer. *See Chen*, 954 F.3d at 500-01; *see also Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 171 N.E.3d 1192, 1198 (N.Y. 2021) (stating that "[w]hat is

objectively reasonable depends on the facts and context of the alleged misrepresentations and may be determined as a matter of law or fact (as individual cases require)" (citation modified)).

Here, Plaintiff fails to allege that Defendant engaged in a deceptive act or that he was injured by any such deception.  The essence of his claim is that Defendant has a policy and practice of misrepresenting to the public that it will conduct a fair investigation of insurance claims, when in fact it performs a "sham and cursory investigation" that is "predetermined to result in a denial of coverage."  Compl. ¶ 40.  As alleged, Defendant carries out this ruse by "intentionally" introducing into its policies an ambiguous term—in this case, "reside"—and then exploiting its ambiguity by determining that the insured does not "reside" at the covered property and denying the claim on that basis.  *Id.* ¶¶ 41, 48.

Though Plaintiff theorizes such a scheme, his Complaint lacks sufficient facts to "nudge[ his] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570; *cf. Harary v. Allstate Ins. Co.*, 983 F. Supp. 95, 99 (E.D.N.Y. 1997) (holding that while the "existence of a claim settlement policy designed to deceive the public at large" may be a proper basis for a claim under Section 349, a plaintiff must provide some evidence to plausibly allege it (quoting *Grand Gen. Store, Inc. v. Royal Indem. Co.*, No. 93 Civ. 3741 (CSH), 1994 WL 163973, at *4 (S.D.N.Y. Apr. 22, 1994)).  Plaintiff states only that Defendant denied his claim because he does not "reside" at the Property.  *See generally* Denial Letter.  He does not point to any facts showing that Defendant manipulates the term "reside," nor does he plead, even upon information and belief, facts that support his conclusory statements that Defendant has a policy or pattern of carrying out this scheme with other claimants.  For example, he does not allege that he resided—by any definition— at the Property, such that he, or a reasonable insured in his position, would have expected that he was entitled to recover on his insurance claim.  Neither does he explain how Defendant defines

"reside" in a way that would mislead a reasonable consumer. *See generally* Opposition. Instead, Plaintiff relies on the conclusion of the New York Court of Appeals in *Dean v. Tower Insurance Company of New York*, 979 N.E.2d 1143, 1144 (N.Y. 2012), that the word "reside" is ambiguous, and contends that Defendant exploits that ambiguity to harm him and other consumers. Opposition at 9-10.[3]

As an initial matter, a party's construction of an ambiguous contract term is not necessarily a deceptive act. And even if it were, *Dean* in fact undermines Plaintiff's theory that Defendant misled the public by interpreting "reside." In *Dean*, the New York Court of Appeals stated that while "reside" was an ambiguous term "under the circumstances of [that] case," 979 N.E.2d at 1144, the "standard for determining residency for purposes of insurance coverage requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain," *id.* at 1145 (citation modified). The *Dean* plaintiffs—a couple whose home burned down while they were renovating it before they moved into it—had shown by the summary-judgment stage that they had some level of occupancy of the home: during the renovations, the husband generally would spend over five hours at the property at least five days a week, he ate there on those days, and he occasionally slept there as well. *Id.* The court reasoned that, contrary to what the insurer asserted about the meaning of "reside," the average insured may reasonably expect that the husband's level of occupancy met the minimum "standard for determining residency for purposes of insurance coverage." *Id.*

---

[3] Because Plaintiff's brief in opposition does not contain page numbers, the Court refers to the ECF-generated page numbers located at the header of the document.

By contrast, Plaintiff does not plead facts indicating that he spent *any time* at the Property.[4] Indeed, the Complaint lacks a single allegation that allows the Court to conclude that Plaintiff even once set foot in the Property, let alone had "at least some degree of permanence and intention to remain." *Id.* (citation modified).  The other cases Plaintiff relies on are similarly unhelpful to him. *See* Opposition at 11-13; *Sosenko v. Allstate Ins. Co.*, 65 N.Y.S.3d 608, 609 (3rd Dep't 2017) (affirming denial of summary judgment where the parties disputed whether a home was the plaintiff's "residence premises" while she was having it renovated, but had not yet moved in); *Craft v. N.Y. Cent. Mut. Fire Ins. Co.*, 59 N.Y.S.3d 183, 185-86 (3rd Dep't 2017) (finding the term "resident premises" ambiguous and reversing grant of summary judgment where the plaintiff had lived in the home and then left, though not "totally," kept a key, and maintained furniture, personal items, and clothing there); *Kollidas v. Cincinnati Ins. Co.*, No. 21 Civ. 1126 (LJV), 2025 WL 712756, at *6 (W.D.N.Y. Mar. 5, 2025) (finding the term "resident relative" ambiguous and denying summary judgment).

Even if Plaintiff had adequately alleged that Defendant engaged in a deceptive act, he does not plead facts showing that any such act caused his injury.  To be sure, "reliance is not an element of a [S]ection 349 claim." *Stutman*, 731 N.E.2d at 612.  Nevertheless, a plaintiff "must show that the defendant's 'material deceptive act' caused the injury." *Id.* (quoting *Oswego Laborers' Loc. 214 Pension Fund*, 647 N.E.2d at 745).  The Complaint does not plead the minimum facts necessary to show that Plaintiff is entitled to recovery under the Policy, *see Vale Fox Distillery LLC v. Cent. Mut. Ins. Co.*, 799 F. Supp. 3d 292, 299 (S.D.N.Y. 2025) (stating that an insured initially bears the burden of showing that the policy provides coverage), had it not been for

---

[4] As explained below in the Conclusion of this Opinion, *see infra* IV, Plaintiff's failure to allege that he spent time at the Property, so as to satisfy any definition of "reside," also appears to be problematic for his breach-of-contract claim in the First Cause of Action.

Defendant's allegedly deceptive act.  Absent those factual allegations, Plaintiff has not adequately pleaded that any alleged deception was the basis for Defendant's denial of his claim.

Because Plaintiff fails to allege specific facts that "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, the Court grants Defendant's motion to dismiss Plaintiff's Section 349 claim in the Second Cause of Action.[5]

### B.  Plaintiff is Not Entitled to Attorneys' Fees.

Plaintiff seeks reasonable attorneys' fees based on New York General Business Law Section 349(h), which allows for an award of "reasonable attorney's fees to a prevailing plaintiff," N.Y. G.B.L. § 349(h).  Opposition at 17.  Because Plaintiff fails to state a claim under Section 349, he cannot recover attorneys' fees.  Nor does Plaintiff have an alternative basis to recover fees, because "[u]nder New York law, 'an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.'"  *Globecon Grp., LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 177 (2d Cir. 2006) (quoting *New York Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 772 (N.Y. 1995)).  Accordingly, the Court strikes Plaintiff's demand for attorneys' fees.

### C.  The Court Dismisses the Claim for Declaratory Relief.

The Court dismisses the Third Cause of Action, in which Plaintiff seeks declaratory relief, because it is not cognizable.  Under New York law, declaratory relief is just that—relief.  Because a declaration is a "remedy, not a separate cause of action," the Court dismisses the Third Cause of Action.  *Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 154 N.E.3d 972,

---

[5] In addition to arguing that Plaintiff fails to adequately plead materially deceptive or misleading acts or practices and injury caused by the allegedly deceptive conduct, Motion at 8-11, Defendant argues that Plaintiff fails to plead consumer-oriented conduct, *id.* at 5-8.  In light of the holding above, the Court does not reach this alternative argument for dismissal.

1014 n.7 (N.Y. 2020) (Wilson, J., dissenting); *see* N.Y. C.P.L.R. § 3001.  Plaintiff may, however, seek declaratory relief based on his claim for breach of contract.

## D. Leave to Amend

Lastly, the Court considers whether to grant leave to amend.  A court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiff has not asked for leave to amend his Complaint.  "But even when a party does not ask for leave to amend, the Court may grant leave to amend *sua sponte*."  *In re Garrett Motion Inc. Sec. Litig.*, No. 20 Civ. 7992 (JPC), 2022 WL 976269, at *18 (S.D.N.Y. Mar. 31, 2022) (citation modified) (collecting cases).  When deciding whether to grant *sua sponte* leave to amend, "courts will consider many factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility."  *Morales v. Kimberly-Clark Corp.*, No. 18 Civ. 7401 (NSR), 2020 WL 2766050, at *9 (S.D.N.Y. May 27, 2020).

The defects in the Complaint identified above do not necessarily mean that granting leave to amend would be futile as to Plaintiff's Section 349 claim.  For instance, Plaintiff may be able to plead additional allegations concerning his occupancy of the Property and Defendant's method of adjusting insurance claims.  Nor would amendment unduly prejudice Defendant, as it has notice of the facts underlying Plaintiff's claims.  The Court therefore *sua sponte* grants Plaintiff leave to amend the Second Cause of Action, as well as the First Cause of Action, *see infra* IV, but emphasizes that Plaintiff should file an amended complaint only if he believes that he can remedy the pleading deficiencies identified herein.  However, because no amendment can revive the Third Cause of Action, that claim is dismissed with prejudice.  *See Nano Dimension Ltd. v. Murchinson Ltd.*, 102 F.4th 136, 143 n.8 (2d Cir. 2024) (affirming dismissal with prejudice where the plaintiff "did not request leave to re-plead and has failed to articulate how any additional allegations could

10

correct the substantive deficiencies identified by the district court in dismissing its amended complaint").

## IV.  Conclusion

For the foregoing reasons, the Court grants Defendant's motion and dismisses the Second Cause of Action without prejudice and the Third Cause of Action with prejudice.  The Court also strikes Plaintiff's demand for attorneys' fees.

Within two weeks from the date of this Opinion and Order, Plaintiff shall (1) show cause in a letter no longer than five pages why the Court should not dismiss his breach claim in the First Cause of Action in light of his failure to allege that he "reside[d]" at the Property and was therefore covered by the Policy, and/or (2) amend his Complaint, if he so chooses.

The Clerk of Court is respectfully directed to close Docket Number 14.

SO ORDERED.

Dated: February 18, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

11